FILED
2012 Sep-04 PM 03:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| **ILYAS ILERI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CASE NO. 7:10-CV-1797-SLB** |
| ) | |
| **PUBLIX SUPER MARKETS, INC.;** ) | |
| **PUBLIX ALABAMA, L.L.C.; PUBLIX** ) | |
| **ASSET MANAGEMENT, INC.; ANITA** ) | |
| **CADDELL,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

This case is currently before the court on the Publix Defendants'[1] Motion to Dismiss for Repeated Failure to File More Definite Statement Complying with the Court's Orders, (doc. 27),[2] and defendant Anita Caddell's Motion to Dismiss, (doc. 28). For the reasons set forth below, defendants' Motions to Dismiss for Repeated Failure to File More Definite Statement Complying with the Court's Orders, (docs. 27 and 28), will be granted.

Defendant Anita Caddell filed a Motion for More Definite Statement, (doc. 4), which the court granted, (doc. 9). The court ordered plaintiff to file an Amended Complaint, as follows:

---

[1]The Publix Defendants refers to defendants Publix Super Markets, Inc.; Publix Alabama, L.L.C.; and Publix Asset Management, Inc.

[2]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

> Each Claim for Relief in plaintiff's Amended Complaint shall contain no more than one discrete claim against a single defendant, and each Claim for Relief shall include all allegations of fact that support that discrete claim, in compliance with Rules 8(a), 8(e)(1), 10(b), and 11(b) of the Federal Rules of Civil Procedure.

(Doc. 9 at 2 [citing *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 980 and n.57 (11th Cir. 2008)].)  The court also noted, "Implicit in such instruction is the notion that if the plaintiff fails to comply with the court's order – by filing a repleader with the same deficiency – the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (*Id*. [quoting *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 698-99 (11th Cir. 2010)].)

Despite this warning, plaintiff did not file an Amended Complaint in conformity with the court's Order.  Instead, he filed Plaintiff's Response to Defendant's Motion for More Definite Statement and Amendment to Complaint. (Doc. 12.)  In this Response, plaintiff argued that "there is no basis for requiring a more definite statement," (*id*. at 1), and that references to "defendant" or "defendants" referred to all defendants, including Caddell, (*id*. at 4-5).  The Amended Complaint contained within the Response stated:

> 1. As to claim for relief under TITLE II , CIVIL RIGHTS ACT OF 1964, for Discrimination in Places of Public Accommodation, Plaintiff's Complaint is intended to state a cause of action directed toward all of the named Defendants named [i]n ¶ 5, 6, 7, 8 and 9, including but not limited to Defendant Anita Caddell.
>
> 2. As to claim for relief for BREACH OF CONTRACT, Plaintiff's Complaint is intended to state a cause of action directed toward all of the named Defendants named [i]n ¶[¶] 5, 6, 7, 8 and 9, including but not limited to  Defendant Anita Caddell.

2

  3. As to claim for relief for TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, Plaintiff's Complaint is intended to state a cause of action directed toward all of the named Defendants named [i]n ¶[¶] 5, 6, 7, 8 and 9, including but not limited to Defendant Anita Caddell.

  4. As to claim for relief for CONVERSION, Plaintiff's Complaint is intended to state a cause of action directed toward all of the named Defendants named [i]n ¶[¶] 5, 6, 7, 8 and 9, including but not limited to Defendant Anita Caddell.

  5. As to claim for relief for INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, Plaintiff's Complaint is intended to state a cause of action directed toward all of the named Defendants named [i]n ¶[¶] 5, 6, 7, 8 and 9, including but not limited to Defendant Anita Caddell.

  6. As to any other claim for relief in the Plaintiff's Complaint, such claim is intended to state a cause of action directed toward all Defendants, and all of those Defendants named [i]n ¶[¶] 5, 6, 7, 8 and 9, including but not limited to Defendant Anita Caddell.

(*Id.* at 5-6.)

Defendants moved to strike plaintiff's Response and to dismiss his Complaint. (Docs. 13, 14.) The court denied these motions and ordered plaintiff to amend his Complaint. (Doc. 19 at 2.) The court did not dismiss plaintiff's Complaint for his failure to follow the court's Order, as the court found plaintiff's noncompliance "appear[ed] to be the result of inattention or, perhaps, an unwillingness to put forth the effort required to correct the Complaint." (*Id.*) The court ordered:

> The Amended Complaint shall not refer to or reference his previously filed Complaint. Each Claim for Relief shall be set forth in a separate Count, each Count shall contain no more than one discrete claim against a single defendant, and each Count shall include all allegations of fact that support that discrete claim, in compliance with Rules 8(a), 8(e)(1), 10(b), and 11(b) of the Federal Rules of Civil Procedure. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516

> F.3d 955, 980 and n.57 (11th Cir. 2008); *Beckwith v. Bellsouth Telecommunications Inc.*, 146 Fed. Appx. 368, 372 (11th Cir. 2005)(trial court properly ordered plaintiff to require plaintiff to amend her complaint to specify which of her claims were against which defendants and to segregate the relevant facts to each claim).
>
>> These rules work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.
>
> *Davis*, 516 F.3d at 980 n.57 (quoting *Fikes v. City of Daphne*, 79 F.3d 1079, 1082-83 (11th Cir.1996)(quoting *T.D.S. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543 n.14 (11th Cir.1985)(Tjoflat, J., dissenting))).

(*Id.* at 3.) The court warned plaintiff that "[f]ailure to file an Amended Complaint that complies with this Order shall result in sanctions, which may include payment of defendants' costs, including attorney's fees, and/or dismissal." (*Id.* at 4.)

Plaintiff filed an Amended Complaint that failed to comply with the court's explicit Order that each Claim for Relief or Count have one claim against one defendant and include the facts to support that claim within the Claim for Relief. Indeed, the only change to his previous Complaint is the addition of additional paragraphs within each Claim for Relief, stating that Caddell is the agent of "Publix" and that his claims are against "Publix" and Caddell. (Doc. 24 ¶¶ 32A, 32A,[3] 35A, 35B, 38A, 38B, 40A, 40B, 43A, 43B.) Defendants moved to dismiss plaintiff's Amended Complaint. (Docs. 27, 28.)

---

[3] Plaintiff's amended Complaint contains two paragraphs numbered 32A. (*See* doc. 24 at 7-8.)

4

Rule 41(b) of the Federal Rules of Civil Procedure provides, "If the plaintiff fails . . . to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). However, "dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Townsend v. Beck*, 295 Fed. Appx. 950, 951-52 (11th Cir. 2008)(quoting *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005)). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)(citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982); *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169 n.8 (5th Cir.1980)). The fact that plaintiff has twice refused to comply with the court's Orders indicates that his noncompliance was willful and that lesser sanctions would not suffice. *See Baltimore v. Jim Burke Motors*, 300 Fed. Appx. 703, 707 (11th Cir. 2008).

The court finds plaintiff's repeated failure to comply with the court's Orders was willful and that no lesser sanction than dismissal would compel compliance. Therefore, defendants' Motion to Dismiss, (docs. 27 and 28), will be granted.

An Order granting defendants' Motions to Dismiss for Repeated Failure to File More Definite Statement Complying with the Court's Orders, (docs. 27 and 28), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 4th day of September, 2012.

*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE